## COHEN v. GIBSON.

**Appeal:** FROM JUSTICE'S COURT: COSTS OF APPEAL. Plaintiff sued in justice's court for $66.60. Defendant denied the indebtedness, and set up a counter-claim for $73.15, and, upon trial, recovered judgment for $13.75 and costs. Plaintiff appealed to the district court, and upon trial there there was a verdict for defendant, and judgment was rendered against plaintiff for costs. *Held* that the judgment for costs was not erroneous under section 3592 of the Code, which provides that "the appellant must. pay the costs of appeal unless he obtains a more favorable judgment than the one from which he appealed;" for that section has reference only to a case where the party recovering the judgment before the justice appeals. If the party against whom the judgment is rendered appeals, he must, to avoid the costs of appeal in the event that the appellee shall recover some amount thereon, proffer to pay a certain amount, with costs, as provided by section 3593 of the Code. (Compare *Best v. Dean*, 8 Iowa, 520.)

*Appeal from Polk District Court.*—HON. MARCUS KAVANAGH, JR., Judge.

FILED, JUNE 7, 1889.

THIS action was commenced by plaintiff in justice's court to recover $66.60, alleged to be due from defendant as rent. Defendant denied the alleged indebtedness, and pleaded a counter-claim for $73.15, alleged to be due him from plaintiff on account. A trial was had in justice's court, which resulted in a judgment in favor of defendant for $13.75, and costs. Plaintiff appealed from that judgment to the district court. The case was there tried to a jury, and a verdict rendered for defendant. Judgment was rendered against plaintiff for costs. From orders of the court overruling motions to retax costs the plaintiff appeals.

*N. B. Raymond*, for appellant.

No appearance for appellee.

Cohen v. Gibson.

ROBINSON, J.—It is contended by appellant that the judgment of the justice's court on the counter-claim of defendant was reversed on appeal to the district court, and that in consequence all costs which accrued after the judgment in justice's court was rendered should have been taxed to defendant. In support of his claim appellant relies upon section 3592 of the Code, which is as follows: "The appellant must pay the costs of appeal unless he obtains a more favorable judgment than that from which he appealed." It was held in *Best v. Dean*, 8 Iowa, 520, that the language quoted had reference to a case where the party recovering the judgment before the justice appeals, and that, if the party against whom the judgment is rendered appeal, he must, to avoid the costs of the appeal in the event that the appellee shall recover some amount thereon, proffer to pay a certain amount, with costs, as provided by section 3593 of the Code. Plaintiff did not comply with the provisions of that section. He appealed to the district court, and, so far as the record shows, caused all the issues raised in justice's court to be again tried. The record submitted to us does not disclose the basis of the verdict. The jury may have found plaintiff entitled to recover the amount he claimed, and that there was due an equal amount on the counter-claim. In that case the effect of the verdict was to give to defendant an amount on his counter-claim, though less than that allowed on the first trial, and section 3592 would not apply. Plaintiff failed to obtain judgment on either trial, and we do not think he has shown himself entitled to the relief he is now seeking. It may be that he would have been entitled to an equitable apportionment of costs if it be true that defendant was allowed nothing on his counter-claim in the district court, but that question is not presented in the certificate of the trial judge, on which this case is submitted to us, nor is it suggested by counsel. In our opinion the orders of the district court should be

AFFIRMED.